■ In the Matter of DAVID C., Appellant, a Person Alleged to be Mentally Retarded. WASSAIC DEVELOPMENTAL CENTER, Respondent. (Proceeding No. 1.) In the Matter of MICHAEL C., Appellant, a Person Alleged to be Mentally Ill. HARLEM VALLEY PSYCHIATRIC CENTER, Respondent. (Proceeding No. 2.) —Appeals (1) in proceeding No. 1 by the petitioner David C., an alleged mentally retarded person, from an order of the Supreme Court, Dutchess County (Patsalos, J.), dated June 7, 1984, which struck from the Trial Calendar his proceeding pursuant to Mental Hygiene Law § 15.35 for a rehearing and review of an order of the County Court, Dutchess County (Marlow, J.), dated March 22, 1984, authorizing his continued retention at Wassaic Developmental Center for a period not to exceed two years, and (2) in proceeding No. 2 by the petitioner Michael C., an alleged mentally ill person, from an order of the Supreme Court, Dutchess County (Patsalos, J.), also dated June 7, 1984, which struck from the Trial Calendar his proceeding pursuant to Mental Hygiene Law § 9.35 for a rehearing and review of an order of the County Court, Dutchess County (Hillery, J.), dated December 19, 1983, authorizing his continued retention at Harlem Valley Psychiatric Center for a period not to exceed 12 months.

Appeal in proceeding No. 2 by the petitioner Michael C. dismissed as academic, without costs or disbursements (see, Matter of Zuckman [Director of Harlem Val. Hosp.], 35 AD2d 835).

Order dated June 7, 1984, made in proceeding No. 1 with respect to the petitioner David C., affirmed, without costs or disbursements.

Since in proceeding No. 1 the court's order of continued retention, dated March 22, 1984, was made without a hearing, the petitioner David C. was not entitled to a rehearing and review as provided for in Mental Hygiene Law § 15.35. The Legislature, in enacting Mental Hygiene Law § 15.35, must have intended by use of the word "rehearing" that there first be a hearing, the proceedings of which would then become subject to review upon the application, *inter alia,* of the person whose retention was authorized by court order.

Furthermore, we find that David C. knowingly waived an initial hearing by not requesting one after being advised by the Mental Health Information Service, which represented him on the application for his retention, of his rights and the nature of the proceeding against him. Mollen, P. J., Thompson, Niehoff and Eiber, JJ., concur.